UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jamal Derrick Hudson,

        Petitioner,

v.                                                  No. 14-cv-696 (JNE/LIB)
                                                      ORDER

C. Nickrenz, Warden Duluth FPC; Bureau of
Prisons; N. Mottaghi, Case Manager, Terminal
Island FCI; and K. Winger, Unit Manager,
Duluth FPC, Bureau of Prisons,

        Respondents.

---

        Petitioner Jamal Derrick Hudson is a federal inmate currently housed at the Federal Prison Camp in Duluth, Minnesota. Hudson initiated this action by filing a self-styled "Petition for Relief under 28 U.S.C. ¶ 2241," which he also captions as a "motion to transfer to a prison camp near legal residence . . . ." ECF No. 1. In his filing, Hudson alleges that he was transferred from the Federal Correctional Institution-Terminal Island in California to FPC-Duluth as a result of a transfer request that had been intentionally falsified by his case manager. *Id.* at 1. Hudson also alleges that, by sending him to FPC-Duluth, the Bureau of Prisons violated its own policy regarding the placement of inmates, and that it refused to correct the error and ignored the actions of the case manager when he pursued administrative remedies. *Id.* at 1-2. Hudson asserts that this constitutes a violation his due process rights, *id.* at 3, and as a remedy, he seeks a transfer to a facility closer to his wife and three children in Austin, Texas, *id.* at 1.

        In an order dated March 18, 2014, United States Magistrate Judge Leo I. Brisbois determined that Hudson's "claims for relief cannot properly be addressed or decided in a habeas corpus case." ECF No. 2 at 1. Therefore, the Magistrate Judge ordered that Hudson's habeas

1

petition be stricken without prejudice under Rule 4 of the Rules Governing Section 2254 Cases and, while cautioning Hudson that "it appears doubtful that he will be able to plead an actionable claim," granted him leave to file a new civil pleading in accordance with Federal Rules of Civil Procedure 8-11 and Local Rule 9.3. *Id.* at 5-6. The Magistrate Judge also directed that any new pleading must be filed by April 11, 2014 and be accompanied by either a $395 filing fee (reflecting the $5 filing fee Hudson has already paid for his habeas petition) or an application to proceed in forma pauperis with an initial partial filing fee. *Id.* at 6. Finally, the Magistrate Judge alerted Hudson that a failure to comply with the order would result in a recommendation that this action be dismissed without prejudice. *Id.*

Hudson objected to the Magistrate Judge's order. ECF No. 3. In his objection, Hudson challenges the Magistrate Judge's conclusion that his claim is not cognizable in a habeas corpus proceeding. Hudson also contests the Magistrate Judge's use of Rule 4 of the Rules Governing § 2254 Proceedings, as his petition is filed under § 2241.

Neither of Hudson's objections is meritorious. In addition to challenging the validity of a sentence through a petition for a writ of habeas corpus under 28 U.S.C. §§ 2254 or 2255, a prisoner may also bring a petition under 28 U.S.C. § 2241 in the district in which he is imprisoned to challenge the lawfulness of the execution of his sentence. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). As the Magistrate Judge explained, however, these habeas actions are distinct from a challenge to the conditions of confinement, which is properly brought as a non-habeas civil action, whether under 42 U.S.C. § 1983 for a state prisoner or pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for a federal prisoner.

Hudson's petition asserts a grievance with the current location of his imprisonment and the manner in which he was transferred to that facility; it is not a challenge to the fact, duration, or execution of his sentence. Furthermore, in a series of cases brought by state prisoners, the Eighth Circuit has determined that prison transfer claims are properly brought under § 1983. *See, e.g., Farver v. Schwartz*, 255 F.3d 473, 475 (8th Cir. 2001); *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 n.1 (8th Cir. 1985). The Magistrate Judge therefore did not err in concluding that Hudson's claim does not sound in habeas.

As for Hudson's second objection, Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts, which provides for preliminary review of habeas petitions, may be applied to a § 2241 habeas petition under the express terms of Rule 1(b). *See* Rule 1(b) (providing that the "district court may apply any or all of these rules to a habeas corpus petition not" filed under 28 U.S.C. § 2254).

The Magistrate Judge's order will therefore be affirmed. With that said, the Court recognizes that the April 11 deadline the Magistrate Judge set for Hudson to file a new (non-habeas) civil complaint came and went while Hudson's objection was pending. It is appropriate to modify the order to provide Hudson with an additional period of time in which to properly file a new pleading along with either the full filing fee or an application to proceed in forma pauperis accompanied by an initial partial filing fee.

The Court therefore modifies the Magistrate Judge's order to extend the deadline in paragraph 4 on page 6 from April 11, 2014 to May 16, 2014. The order is otherwise affirmed.

Based on the files, records, and proceedings herein, and for the reasons discussed above,

IT IS ORDERED THAT:

1. The Magistrate Judge's Order of March 18, 2014 [ECF No. 2] is AFFIRMED, but for the deadline in paragraph 4 on page 6 of the Order, which is EXTENDED from April 11, 2014 to May 16, 2014.

Dated: April 23, 2014                    s/Joan N. Ericksen
                                         JOAN N. ERICKSEN
                                         United States District Judge