UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jamal Derrick Hudson,

        Petitioner,

v.

C. Nickrenz, Warden Duluth FPC; Bureau of
Prisons; N. Mottaghi, Case Manager, Terminal
Island FCI; and K. Winger, Unit Manager,
Duluth FPC, Bureau of Prisons,

        Respondents.

No. 14-cv-696 (JNE/LIB)
ORDER

      Petitioner Jamal Derrick Hudson is a federal inmate who initiated this action pro se by filing a self-styled "Petition for Relief under 28 U.S.C. ¶ 2241." ECF No. 1. In an order that issued on March 18, 2014, the United States Magistrate Judge determined that the claims Hudson presents in his petition "cannot properly be addressed or decided in a habeas corpus case." ECF No. 2 at 1. Therefore, the Magistrate Judge ordered that Hudson's habeas petition be stricken without prejudice under Rule 4 of the Rules Governing Section 2254 Cases and granted him leave to file a new civil pleading in accordance with Federal Rules of Civil Procedure 8-11 and Local Rule 9.3. *Id.* at 5-6. The Magistrate Judge also directed that any new pleading must be filed by April 11, 2014 and be accompanied by either a $395 filing fee (reflecting the $5 filing fee Hudson already paid for his habeas petition) or an application to proceed in forma pauperis with an initial partial filing fee. *Id.* at 6. Finally, the Magistrate Judge alerted Hudson that a failure to comply with the order would result in a recommendation that this action be dismissed without prejudice. *Id.*

1

Hudson objected.  On April 23, 2014, the Court affirmed the Magistrate Judge's order, but for the deadline for filing a new civil pleading, which was extended to May 16, 2014 to ensure that Hudson had an opportunity to comply.  ECF No. 5.

Hudson took no action by May 16.  Therefore, on May 21, 2014 the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed without prejudice.  ECF No. 6.

Since then, Hudson has made several filings.  On June 2, 2014, he submitted a "Motion in Response to Magistrate Judge Report and Recommendation, Motion to Proceed as a Veteran," ECF Nos. 7-8, along with an affidavit attesting to his military service, ECF No. 9.  In these documents, Hudson states that he received the Magistrate Judge's Report and Recommendation in the mail, but he had not received the Court's April 23 order.  (In response, a copy of the April 23 order was mailed to Hudson on June 2.)  Hudson also requests that he be allowed "to proceed as a Veteran, under Rule 40 Supreme Court Rule, exempting Veterans from the prepayment of fees or court costs."

A week later, on June 9, 2014, Hudson filed a self-styled "Motion to Transfer to a Prison Camp Near Legal Residence Due to a False Transfer Application Submitted by BOP Case Manager, and Motion to Proceed as a Veteran Under Rule 40," ECF No. 10, along with another copy of his affidavit regarding his status as a veteran, ECF No. 11.  In these documents, Hudson states that he is filing "a non habeas civil suit" pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

It is thus evident that Hudson has had notice and ample opportunity to comply with the Magistrate Judge's March 18 order and the Court's April 23 order affirming it.  Hudson has sought to take advantage of the leave that those orders granted him to file a new, non-habeas

civil pleading – though he has not filed it on the standard form for prisoner civil rights complaints as Local Rule 9.3 requires and as the Magistrate Judge specifically ordered him.

More significantly, Hudson has not complied with the orders' clear directive that any new civil pleading must be filed in conjunction with either a $395 filing fee or a properly completed application to proceed in forma pauperis.  To date, Hudson has paid no filing fee beyond the $5 he initially paid for his self-styled habeas corpus petition, and he has not submitted an application to proceed in forma pauperis.  Instead, Hudson has moved to proceed under Supreme Court Rule 40, which provides that

> [a] veteran suing under any provision of law exempting veterans from the payment of fees or court costs, may proceed without prepayment of fees or costs or furnishing security therefore and may file a motion for leave to proceed on papers prepared as required by Rule 33.2.  The motion shall ask leave to proceed as a veteran and be accompanied by an affidavit or declaration setting out the moving party's veteran status.  A copy of the motion shall precede and be attached to each copy of the petition for a writ of certiorari or other substantive document filed by the veteran.

This provision does not apply to a *Bivens* action in the district courts.

This action will therefore be dismissed without prejudice.  Because Hudson has neither paid the filing fee nor submitted an application to proceed in forma pauperis despite being given ample opportunity to do so, this matter can go no further.  *See Nerness v. Johnson*, 401 F.3d 874, 875-76 (8th Cir. 2005) ("suggest[ing] that the Plaintiff be permitted the option of either paying the district court filing fee in full or []submitting a proper application to proceed in forma pauperis" before dismissing action without prejudice).

Based on the files, records, and proceedings herein, and for the reasons discussed above,

IT IS ORDERED THAT:

1. Hudson's Motion to Proceed as a Veteran under Rule 40 [ECF No. 8] is DENIED.

2. Hudson's Motion to Transfer to a Prison Camp Near Legal Residence [ECF No. 10] is DENIED AS MOOT.

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 1, 2014                                s/Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge